# UNITED STATES DISTRICT COURT
# IN THE SOUTHERN DISTRICT OF
# INDIANA

| | |
|---|---|
| **SHONDA B.** | ) |
| | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| | ) **CAUSE NO. 1:25-cv-1227** |
| **V** | ) |
| | ) |
| | ) |
| | ) |
| **TOWER INTERNATIONAL INC.,** | ) |
| **AUTOKINITON U.S. HOLDINGS** | ) |
| **INC.,** | ) |
| **ADMINISTRATOR TOWER** | ) |
| **INTERNATIONAL GROUP** | ) |
| **INSURANCE PLAN, AND** | ) |
| **GUARDIAN LIFE INSURANCE** | ) |
| **COMPANY OF AMERICA,** | ) |
| **DEFENDANTS.** | |

# COMPLAINT

## I. Parties, Jurisdiction, and Venue

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Shonda K. Bauman brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132 et seq. Plaintiff also seeks penalties pursuant to 29 U.S.C. §1132 et seq. based upon Defendants' failure to timely supply requested documentation.

2. Plaintiff, Shonda K. Bauman, is a resident of Delaware County, Indiana and a citizen of the State of Indiana.

3. Defendant Tower International Inc. is believed to be a business incorporated under the laws of the State of Delaware with its principal place of business located at 17672 North Laurel Park Drive, Suite 400 East, Livonia, Michigan 48152 and whose registered agent is Sarah Younglove with a service of process address listed as 17757 Woodland Drive, New Boston, Michigan 48164. Tower International Inc. does

business all over the United States, including in the Southern District of Indiana where Plaintiff resides. Tower International Inc. is believed to be the Plan holder, the Insurer, and/or the Administrator of the Tower International Inc. Group Insurance Plan ("Plan")

4. Defendant Autokiniton US Holdings Inc. (hereinafter referred to as "Autokiniton") is believed to be a business incorporated under the laws of the State of Delaware with its principal place of business located at 17757 Woodland Drive, New Boston, Michigan 48164 and whose registered agent is Sarah Younglove with a service of process address listed as 17757 Woodland Drive, New Boston, Michigan 48164. Autokiniton US Holdings Inc. does business all over the United States, including in the Southern District of Indiana where Plaintiff resides. Autokiniton US Holdings Inc. is believed to be the actual owner and controller of Tower International Inc., and by virtue of such ownership is believed to be the Plan holder, the Insurer, and/or the Administrator of the Tower International Inc. Group Insurance Plan.

5. Defendant Administrator of Tower International Inc. Group Insurance Plan administers an ERISA employee group plan that provides Long Term Disability Benefits (Claim # 105064. Group Plan # 491899) and

Life Insurance Benefits (Claim # Z11009353. Group # 481899), including Waiver of Premium Benefits, both from which Plaintiff was receiving benefits before the benefits were wrongfully terminated and whose address is 17672 North Laurel Park Drive, Suite 400 East, Livonia, Michigan 48152.

6. Defendant Guardian Life Insurance Company (hereinafter referred to as "Guardian"), is believed to be a business incorporated under the laws of the State of New York with its principal place of business located at 7 Hanover Square New York, New York 10004. Defendant Guardian Life Insurance Company is either the Administrator, the Claims Administrator and/or the Insurer of Tower International Inc. Group Insurance Plan.

7. Defendants Guardian, Tower, Autokiniton, and Administrator as administrator of the Tower International Inc. Group Insurance Plan has promised to provide long term disability coverage and benefits and life insurance coverage and benefits to employer's eligible employees, including Plaintiff.

8. Defendants Guardian, Tower, Autokiniton, and Administrator as administrator of the Tower International Inc. Group Insurance Plan

administrates said employee benefit plans that are made available to eligible employees and delivered said benefits to Plaintiff in Indiana by mail and/or electronic means.

9. Defendants Guardian, Tower, Autokiniton, and/or Administrator (either jointly or severally) as administrator of the Tower International Inc. Group Insurance Plan has promised to pay long term disability benefits to employer's employees if they are unable to work due to sickness or injury in accordance with the Plan/Policy.

10. Defendants Guardian, Tower, Autokiniton, and/or Administrator (either jointly or severally) as administrator of the Tower International Inc. Group Insurance Plan promises to pay death and/or other benefits, including waiver of premium benefits, to employer's employees upon death in accordance with the Plan/Policy.

11. Venue in the Southern District of Indiana is appropriate by virtue of Plaintiff's residence therein and by virtue of Defendants contacts therein.

## II. Factual Allegations and Claims

Plaintiff incorporates Paragraphs 1 through 11 as if full set forth.

12. Plaintiff worked as a Quality Manager for Defendant Tower International Inc. until she became disabled on or about January 2019. She was nearly 49 years old.

13. Thereafter, On January 17, 2019, Plaintiff began receiving benefits from employer's Short Term Disability Plan up until June 25, 2019.

14. Plaintiff then attempted to return to work for several weeks up until about August 14, 2019.

15. On or about August 14, 2019, the incapacitating effects, symptoms, and sequalae of Post Traumatic Stress Syndrome, Anxiety, Major Depression and other concomitant medical problems, forced Plaintiff to stop working.

16. Plaintiff then applied for long term disability benefits.

17. On or about February 10, 2020, after satisfying the elimination period requirement, Plaintiff began receiving long term disability benefits. Claim # 105064. Group Plan # 491899.

18. Also, on or about February 10, 2020, Plaintiff began receiving waiver of premium benefits. Claim # Z11009353. Group # 481899

19. On or about July 14, 2020, the Administrator determined that Plaintiff was no longer eligible for waiver of premium benefits because payroll records covering the disability period were allegedly not provided even though the Plan/Insurance Policy had actual possession of those records, was in constructive possession of those records, or had access to those records, due to the Plan's/Policy's relationship with Defendant Tower International Inc./Defendant Autokiniton and Defendant Tower International Inc's/Defendant Autokiniton relationship to the Plan/Policy.

20. On December 7, 2020, Plaintiff's counsel sent to Defendant Tower International Inc. Group Insurance Plan and to Guardian a letter requesting:

    > All documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (form 5500 Series) available at the Public Disclosure Room of the Employee Benefits Security Administration.
    >
    > All documents governing the operation of the plan, including insurance contracts, collective bargaining agreements and copies of the latest annual report (form 5500 Series) and updated summary plan description.
    >
    > A summary of the plan's financial report.

21. The requested 5500 series documents and the financial report have not yet been provided to Plaintiff.

22. Defendants should have to pay a penalty $110 per day. 1,625 days have passed since January 7, 2021 for an approximate penalty of $178,750.00

23. Defendant Guardian acknowledged the existence of this request but claimed it was Defendant Tower International Inc's responsibility.

24. Accompanying the December 7, 2020 letter was an Appointment of Representation of Plaintiff's counsel in relation to matters involving both long term disability benefits and life insurance benefits.

25. Plaintiff pursued appropriate administrative appeals.

26. On or about June 21, 2022, in its final determination letter, Defendant Guardian wrongfully determined that the long term disability benefits should be discontinued.

27. Defendant Guardian further admitted that the matter was covered under the Employment Retirement Income Security Act of 1974, Public Law 93-406 (ERISA), advised Plaintiff of her right to bring a legal action under ERISA section 502 (a), and advised her of the statute of limitation

that expires on June 21, 2025.

28. The Complaint herein has been timely filed within the Statute of Limitation Period.

29. This final determination letter is obviously incomplete due to the fact that pages 2, 4, and 6 are missing even though the pages of the letter received by Plaintiff are sequentially coded …5001…, …5002…, …5003…, …5004…, and …5005… . See Exhibit 1 accompanying this Complaint.

30. The incompleteness of the final determination letter means that all of the facts and reasons upon which Defendant Guardian relied have not been disclosed and obviously cannot be meaningfully reviewed under any standard of review.

31. In this incomplete final determination letter, Defendant Guardian failed to consider approximately 115 medical records Exhibits submitted on March 22, 2022 that covered the time period from approximately 2012 to 3/2022, a copy of this submission is attached as Exhibit 2 accompanying this Complaint.

32. These ignored Exhibits contained medical evidence of continuing disability, including but not limited to, non-mental health limitations

related to Right Shoulder Rotator Cuff Tear, Biceps Tendinopathy, Obstructive Sleep Apnea, Insomnia, Vasovagal Syncope, Psoriasis, Psoriatic Arthritis, Rheumatoid Arthritis, Gout, Diabetes, and other concomitant medical problems. These Exhibits also demonstrate continuing mental health impairments and limitations related to Post Traumatic Stress Disorder, and Major Depressive Disorder.

33. Plaintiff has exhausted her administrative remedies and the case is properly before the District Court and Defendant Guardian admitted such in its incomplete final determination letter.

34. Plaintiff has provided significant and ample evidence and medical proof from her treating physicians and other providers to establish her entitlement and continued eligibility to long term disability benefits and to life insurance waiver of premium benefits pursuant to the Long Term Disability Plan/Policy and the Life Insurance Plan/Policy.

35. Since February 10, 2022, and before, Plaintiff remains unable to perform the material duties of any occupation for which she is, or may become, reasonably qualified based on her education, training or experience and unable to earn a disqualifying amount of earnings.

36. Defendants refuse to properly pay her long term disability benefits and refuse to allow her waiver of life insurance premium benefit to proceed.

37. Defendants have failed to pay long term disability benefits from approximately February 10, 2022 to present.

38. Plaintiff's maximum payment period ends at age 67 or on March 24, 2037.

39. If Defendants had used the year of 2018 to calculate the salary base, the salary base would have been $7,775.22 per month and 67% of said monthly amount would have yielded a long term disability monthly payment of $5,209.40.

40. Instead, Defendants used an incorrect salary base, which included the brief failed work attempt in the middle of 2019, to calculate a lower salary base monthly amount of $7,078.00. 67% of said monthly amount would have yielded a long term disability monthly payment of $4,627.27.

41. As a result, Defendants shorted Plaintiff approximately $ 582.13 per month for 24 months up to February 9, 2022 in the total amount of $13,971.12.

42. Defendants failure to pay monthly long term disability benefits between February 10, 2022 and June 21, 2025 has resulted in past due long term disability benefits owed to Plaintiff in the amount of $208,376.00 without taking into account possible applicable deductions.

43. Defendants have refused to acknowledge and accept their ongoing obligations to pay the long term disability benefits that are due to Plaintiff in the future. The value without discounting of that obligation is approximately $739,734.80 without taking into account possible applicable deductions.

44. Plaintiff's long term disability benefits should be reinstated so that Plaintiff can receive monthly benefits for the maximum payment period up to age 67.

45. Defendants' decision to deny Plaintiff's long term disability benefits is not supported by substantial evidence, is wrongful, and is contrary to law in that it contains logical flaws, defective medical reasoning, unreasonable evaluation of the evidence, and other problems.

46. Defendants have intentionally and without reasonable justification denied Plaintiff long term disability benefits and to life insurance waiver of premium benefits due her pursuant to the Long Term Disability Plan/Policy and the Life Insurance Plan/Policy and in violation of the ERISA.

47. As a result of the denial of benefits, emotional distress damages in amounts yet to be determined.

WHEREFORE, the Plaintiff, Shonda K. Bauman, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to long term disability benefits and to order the Defendants to pay past due long term disability benefits based upon the proper salary base;

B. Finding that Plaintiff is entitled to long term disability benefits and order the Defendants to pay for future monthly benefits as they become due.

C. Finding that Plaintiff is entitled to life insurance waiver of premium benefits and reinstatement of her rights under the life insurance plan/policy.

D. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

E. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

F. Ordering Defendants to confer upon Plaintiff all subsidiary benefits due as a consequence of an award of disability benefits as provided such as health insurance coverage and life insurance under waiver of premium.

G. Awarding Penalties of $110/day since January 7, 2021 in the approximate amount of $178,750.00 pursuant to U.S.C. section 1132(c) based upon Defendants' failure to respond to Plaintiff's request for the 5500 series documents and the annual financial report.

H. Awarding all other relief as may be just and appropriate.

        Respectfully submitted,

        /s/ Randal S. Forbes
        Randal S. Forbes, Esq
        Forbes Rodman PC
        P.O. Box 374
        Angola, Indiana 46703
        2601668-9830
        2601665-1401 fax
        randalforbes@forbesrodman.com